JOHN S. PHIPPS, *Appellant,* v. PORTE F.. QUINN, et al.,
*Appelles.*

Division B.

Opinion filed June 9, 1930.

An Appeal from the Circuit Court for Palm Beach County; Hon. C. E. Chillingworth, Judge.

*R. C. Alley* and *Loftin, Stokes & Calkins,* for Appellant;

*George M. Powell,* for Appellees.

STRUM, J.—In 1922 John S. Phipps filed a bill against Porte F. Quinn and Jennie E. Watson, seeking to impose a trust in favor of Phipps upon certain real estate the title to which had been conveyed by Mrs. Watson to Quinn, and upon which a purchase money mortgage had been executed by Quinn to Mrs. Watson. John C. Gregory intervened, claiming a half interest in the land through Quinn. Final decree awarding Phipps the relief prayed for was entered in the circuit court on August 6, 1924, which decree was affirmed by this Court on April 21, 1927. Quinn v. Phipps, 113 So. R. 419. In that litigation Jerome Wideman and Frank Wideman, under the firm name of Wideman and Wideman, were attorneys of record for Phipps, the complainant.

On August 16, 1927, the complainant, Phipps, acting through other attorneys, filed in the above mentioned

cause a pleading called a "petition," in which it is alleged in effect that during the progress of said cause the complainant, Phipps, tendered to the defendants therein and deposited in the registry of the court $50,000 to be paid to the defendants upon the execution by them of a conveyance of the lands in question to Phipps and a satisfaction of the Watson mortgage; that the Clerk of said court deposited said funds in Farmers Bank & Trust Company, which bank became insolvent and suspended business on June 15, 1927; that in order that there would be no question as to the continued efficacy of his tender, the complainant, Phipps, acting through his then attorneys, Wideman & Wideman, deposited with the clerk a second $50,000, at which time the clerk executed to Phipps and delivered to Wideman & Wideman, as his attorneys, an assignment of the clerk's claim to the first deposit and also a deposit agreement between the clerk and the bank evidencing the terms and conditions of the deposit of the first $50,000, which documents it is alleged are now held by Wideman & Wideman, respondents in the present proceeding. The petition further alleges that complainant, Phipps, has terminated the employment of Wideman & Wideman as his attorneys, has paid them their compensation, and has demanded the delivery to him of the documents just mentioned, which demand has not been complied with. The petition further alleges that Quinn and Gregory have failed to convey to complainant-petitioner, Phipps, the lands involved in the prinicpal suit, and that the representative of Mrs. Watson, who is now deceased, has failed to execute a satisfaction of the Watson mortgage as commanded by the final decree.

The petition "prays": (1) That the assignment by the clerk of the claim against the Farmers Bank & Trust Company for moneys deposited in said bank representing the

first $50,000 deposited in the registry of the court be declared void; (2) that Wideman & Wideman be required to return into court the instrument in their possession evidencing the deposit of said sum of $50,000 in said bank, and the said assignment thereof; (3) that the clerk be commanded to refund to petitioner the *second* deposit of $50,000; that Quinn and Gregory be commanded to forthwith deliver deeds of conveyance to the lands, and that Mrs. Watson's executor execute and deliver a satisfaction of the Watson mortgage; and (5) for general relief.

The respondents, Wideman & Wideman, filed an answer in which was incorporated a demurrer and a counter claim. The answer of said respondents, while admitting that they held the evidence of deposit, and the assignment thereof to Phipps, further alleges in effect that the taking by the respondents of said assignment and of the deposit agreement was upon the suggestion of Phipps, through his business representative, and not by the suggestion of the respondents; that said assignment was executed and delivered to Wideman & Wideman, together with the deposit agreement, with the "knowledge, acquiescence and consent of Phipps, and under his instructions;" that by the filing of this petition through other counsel, but not otherwise, the petitioner, Phipps, had discharged the respondents, Wideman & Wideman, as his attorneys without cause on the part of said respondents, and notwithstanding they had faithfully and efficiently performed and discharged their duties and functions as attorneys for Phipps in and about this litigation, and that said discharge was "without just cause, legal warrant, or ethical formality;" that Phipps has not paid respondents for their services in his behalf in this litigation, but on the contrary is still indebted to respondents in a large sum of money for their professional services in procuring the decree in his favor

in the principal litigation, which sum Phipps had not paid nor offered to pay them, and that although they originally took possession of said evidence of deposit and assignment thereof under Phipps' instructions, they now hold the same, in view of their wrongful discharge, against the payment to them of reasonable compensation for their services, to secure which indebtedness respondents allege that they are entitled to a lien upon said instruments and are entitled to hold the same until such lien be satisfied by payment, inasmuch as the documents in question are not a part of the files or record in the cause. Respondents further allege, however, that they do not assert, claim or hold said lien or the possession of said documents in such manner as to prevent the complainant from receiving all and singular the benefits to which he may be entitled under said final decree, but that they subordinate their claim against the said moneys, and the documents representing the same, to the purpose for which it was originally deposited in the registry of the court by the complainant, that is, to be paid to the principal defendants as directed by the final decree. By way of counter claim, said respondents pray that the amount of the fee to which they are entitled may be ascertained, that they may be decreed to hold a lien upon the documents aforesaid to secure the same, and that if necessary the lien be foreclosed and the documents sold under the direction of the court.

It further appears from the respondents' answer that the evidence of the first deposit, which petitioner seeks to recover herein, was not a mere receipt held by the clerk amongst the files and records of this cause, and evidencing the simple deposit by the clerk in the bank of the sum of $50,000, but that the petitioner, Phipps, caused to be delivered to the clerk a certified check payable to the order of said clerk in the sum of $50,000, which check was drawn

by the Palm Beach Company on and certified by said Farmers Bank and Trust Company, under an agreement between the bank and the clerk that said certified check was not to be cashed, but was to be held by said clerk until the funds were needed for disbursement.

The chancellor overruled a motion to strike that part of respondents' answer constituting a counter claim for services and asserting a lien on the documents mentioned, from which order this appeal is taken.

From the foregoing facts, it is apparent that this is more than a mere summary proceeding to compel an attorney to restore court records withheld by him without authority. If this were merely a proceeding of that character, the only appropriate or necessary inquiry would be whether the documents are in fact a part of the court records, and whether their possession by the attorneys is with the sanction of the court, as it is settled that an attorney has no lien for services upon public documents. 6 C. J. 786.

The chancellor has found that the documents in question are not a part of the court records or files. Whether they are such, or not, this petition invites issues upon other justiciable questions immaterial to a summary proceeding of the character just stated, and which questions are foreign to the issues of the principal suit.

This petition invites an issue, amongst other things, upon the discharge of Wideman & Wideman as attorneys for the original complainant; the payment in full of their compensation; whether or not they advised the deposit of the second $50,000; whether the second deposit was necessary as a matter of law; whether the loss of the first deposit would fall upon the complainant, Phipps, or upon the defendants; the authority of the clerk to assign the first deposit; and other matters. None of those matters would be pertinent in a summary proceeding brought merely to

compel restoration of court files withheld without authority. The respondents, Wideman & Wideman, have put these matters in issue, as they were entitled to do in view of the allegations of the petition. Having been called upon to answer whether or not they have received their compensation, they answer that they have not, and claim a lien upon the documents in question to secure the same, further claiming the right to hold the documents in enforcement of the lien. The issues tendered by the respondents are appropriate responses to the allegations of the petition itself (See 6 C. J. 803), but are wholly extraneous to the issues in the principal suit.

In appropriate cases, an attorney may proceed to recover his fees by supplemental petition in the original suit. Fuller v. Clemons (Ala.), 48 So. R. 101. The proceeding here before us, however, is unlike one in which an attorney, by supplementary petition, undertakes to enforce his lien for services upon a judgment, or the proceeds thereof, or upon funds in the registry of the court. See 6 C. J. 797. Here the petition brought by the *client* is for the purpose, amongst others, of recovering certain collateral documents, but it also asserts the payment of his attorney's compensation, and embraces allegations upon divers collateral matters. To this the attorney interposes a defense, denying the payment of his compensation, asserting a lien upon the documents, and raising other isues of both fact and law appropriate to the allegations of the petition but foreign to the purposes of the principal suit. The scope of the petition is such that an appropriate defense thereto by the several respondents entails a variety of unrelated issues which should not be grouped in one proceeding. As to the respondents Wideman & Wideman, the issues are of such a nature that it would be inappropriate to litigate

them upon a mere rule *nisi* issued upon a summary petition filed as an appendage to the principal suit.

While the pleading in question is styled a "petition," it bears many characteristics of a supplemental bill. Considered as a supplemental bill, however, the pleading is equally out of place in this suit. The proceeding is not in aid of the principal decree, nor is the purpose thereof to remedy a mistake or omission therein, nor do the matters presented for adjudication by the petition in any wise affect the matters adjudicated in the final decree. See Knott v. Fuquay, decided May 15, 1930, 128 So. R. 493.

The situation here presented differs essentially from that in McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746. That was a suit brought against an attorney by a former client to remove the attorney from his place as trustee under a deed of trust to secure a bond payable to the complainant-client, and to compel delivery of the bond to the complainant. Those being the objects of the principal suit, it was held that the question of the client's indebtedness to the attorney for services, and the attorney's lien upon the document to secure such indebtedness, could be litigated therein, as those questions were germane to the subject matter of the bill of complaint.

This is not an appeal from an order on the demurrer to the petition. The order appealed from apparently assumes that the petition is properly filed in this cause as that question does not seem to have been urged below. In its present form, however, the petition violates established rules of procedure, and therefore cannot be entertained as a supplemental proceeding in this cause. It is, therefore, ordered that the cause be remanded with directions to dismiss the petition.

Whitfield, P. J., and Buford, J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.