## Katz, Appellant, v. Katz.

Argued April 29, 1931.

552

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*William G. Bechman* of *Thompson, Rose, Bechman & Dunn,* for appellant.

*David Turets,* for appellee.

Opinion by Baldrige, J., July 8, 1931:

The appellant is seeking a divorce on the grounds of cruel and barbarous treatment and indignities.

The case does not present features that are unusual in this character of action. The parties, both in their early twenties, were married on July 27, 1928, and lived together as husband and wife, with the exception of one separation of six weeks, until the 29th of April, 1930, when the libellant left their common domicile, and on June 26, 1930, filed this action. The libellant avers that it became necessary for her to withdraw from the home as the respondent choked, vilified, threatened and struck her, and demanded a dowry.

We have carefully considered all the testimony, but think it is unnecessary to recite the details of this unfortunate marital union. There was no contradiction in the testimony that there were many quarrels, and the respondent admits that he may have called the appellant uncomplimentary names and swore at her

when he was angry, but he emphatically denies that he called her names that reflected on her character, or that he ever laid hands on her in a violent way, or that he ever threatened to kill or injure her, or that he demanded a dowry. The wife evidently contributed to the domestic difficulties by her lack of self-restraint. Undoubtedly, both of them were at fault and at times each manifested an ill-temper, but that infirmity or nature is not ground for divorce. The respondent evidently supported her and maintained the home with a certain liberality, in view of his means. He endeavored to reconcile their marital differences as he sought her father's aid and asked him to reprimand his wife for "flying into these rages," and on another occasion, he and his wife met at the office of an attorney in an apparent effort to have their difficulties adjusted. If the libellant had been sincere in a desire to adjust their troubles, it might have been accomplished. A reading of the libellant's testimony leaves the impression that, although an unhappy relationship existed and this young couple had many quarrels, more or less of a trivial nature, there was a decided tendency upon the part of the libellant and her family to indulge in a repetition of the same charges and to describe them in extravagant terms. The burden was on the complainant to establish a case upon such clear and satisfactory evidence as would induce the court to conclude that the charges were sufficient in gravity and were supported by adequate proof. This burden, the appellant has not discharged. As was said in Altwater v. Altwater, 81 Pa. Superior Ct. 359, 361, "Domestic disputes which so frequently arise are not made a cause of divorce unless they have the magnitude and importance of actual personal violence, or the reasonable apprehension of it, or such indignities to the person as render one's condition intolerable and life burdensome, and that is something more than an-

noyance of a frivolous disposition and susceptibility to sudden anger or a failure at times to exercise an affectionate disposition."

Considering the obvious tendency to exaggerate and the general character of the charges, we are not impressed that the respondent's conduct was such as to warrant a severance of the marriage contract. A careful review of all the testimony brings us to the conclusion that the learned judge in the court below was correct in refusing a divorce.

The decree is affirmed at the cost of the appellant.