Deutsch *v.* Deutsch, Appellant.

Argued April 12, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

340

*B. A. Sciotto,* with him *Leland W. Walker,* for appellant.

*John A. Berkey,* for appellee.

Opinion by Stadtfeld, J., July 20, 1940:

This is an action in divorce by Jacob Deutsch against his wife, Freda Dipple Deutsch. The grounds set forth in the libel are (1) cruel and barbarous treatment, and (2) indignities to the person. A responsive answer was filed by the respondent. The case was heard by the master to whom it was referred. The master filed his report, after the taking of testimony on behalf of both parties, setting forth that there was insufficient testimony to warrant the granting of a divorce on the grounds of cruel and barbarous treatment, but recommended a divorce be granted on the grounds of indignities to the person. Exceptions were filed to said report and the same were overruled by the court in an opinion by Boose, J., who granted a decree as recommended by the master. This appeal by the respondent followed, and the libellant filed a motion with this court to quash the appeal. As we see no merit in the motion to quash the appeal, the motion is dismissed, and we consider the case on its merits.

Where an action is heard before a master, it is the duty of the appellate court to examine the evidence de novo and determine whether the court below, adopting the master's recommendation, reached a correct conclusion. The burden is on the libellant to establish by a fair

preponderance of the testimony, the charges contained in the libel.

The appellant and the libellant were married on June 4, 1913, and cohabited together until on or about June 27, 1931, a period of approximately 18 years, and as a result of such marriage, one child, who is now of the age of 23 years, was born to them. The libellant at the time of the hearing in this case, and for some years prior thereto, had been an employee of the Bethlehem Steel Company of Johnstown, Pennsylvania.

The libellant testified in his own behalf. His testimony was to the effect that for years his wife had been a "constant nagger," that she was profane, that she came into possession of a fur coat, a fur sport jacket and women's dresses without having any visible means to pay for them, being at one time arrested, as a result of which he paid for the alleged stolen property; that she would throw things at him and call him vile names; that she was arrested in Cambria City one Sunday evening with a jeweler in the back of a store, for suspicious actions. He claimed that her conduct covered a period from one year after they were married until they separated on June 27, 1931. He was supported by several witnesses, who testified to some isolated circumstances which occurred many years before.

The respondent specifically denied each and every one of the statements and actions attributed to her. The libellant did not call any witness as to certain matters concerning which there should have been no difficulty to obtain corroboration. The testimony covering a period of many years tended to establish only a few isolated instances and not a course of conduct. Both parties apparently were at fault and their testimony did not impress the court favorably as to either party.

Prior to the institution of this divorce action, the libellant at No. 192 December Term, 1934, Court of Common Pleas of Cambria County, filed a libel in divorce and set forth therein adultery as the ground. An an-

swer was duly filed in which the respondent, appellant herein, made a cross-complaint of adultery. The court of common pleas refused the application for divorce and subsequent thereto this libellant moved into Conemaugh Township, Somerset County, which is very close to the Cambria County border line, filed the application in the present proceedings, and new and different grounds for divorce were set forth. All of the alleged indignities complained of in this proceeding occurred prior to the former divorce action, but were not then presented as grounds for divorce. Their production now seems an afterthought and affects libellant's good faith.

Testimony on the part of the respondent, appellant herein, sought to show that the motive for the libel in divorce was merely to be freed from the respondent. An order of court of Cambria County for the support of the respondent, appellant herein, was and still is in force against the aforesaid libellant who is in arrears in the sum of $3479.50 up to August, 1939. The respondent offered certificates of the Recorder of Deeds of Cambria County to show that title to the premises in which libellant lived was in the name of himself and one Gertrude C. Dobson who was identified in the Cambria County divorce proceedings as being the co-respondent. The respondent also offered a certificate from the Prothonotary of Cambria County showing a judgment entered against the libellant and said Gertrude C. Dobson at No. 171 December Term, 1938, involving the purchase of the premises wherein the respondent contended that the libellant and said co-respondent cohabited.

This testimony was considered incompetent by the master and no consideration thereto was given by the court. These certificates were offered for the purpose of corroborating the respondent in an effort to show that this divorce action was not in sincerity and truth for the causes set forth in the libel, but merely for the purpose

of being freed. It was also for the purpose of showing motive in these proceedings.

While the testimony of the respondent in connection with the charge of adultery on the part of the libellant is not a specific matter at issue by reason of the pleadings, yet the adultery of the libellant is material in order to show his motive for bringing the action and as affecting credibility.

The course of conduct amounting to such indignities as would justify a divorce is apparently incapable of specific or of exact definition. Each case must necessarily depend upon its own facts. The principles applicable to the charge of "indignities to the person" have been fully and frequently set forth by this court. It is, of course, impossible to lay down any general rule as to what constitutes such indignities to the person as to render the condition of the injured spouse intolerable and life burdensome; such matters necessarily depend upon all the circumstances of the particular case and the position in life, character and disposition, of the parties. It is well settled, however, that it is not with isolated occurrences that the law concerns itself in determining whether a divorce should be granted upon this ground, but only with indignities so repeated and continuous as to constitute a course of conduct which renders the complaining party's condition intolerable and life itself a burden. Such indignities we have frequently said may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, and every other plain manifestation of settled hate and estrangement; but slight or irregular acts of misconduct are not sufficient: *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69.

It is not of a single act that the law speaks in the clause under which this case falls; but of such a course of conduct or continued treatment as renders libellant's condition intolerable, and life burdensome. Divorces

344

ought never to be easily obtained, for marriage is the most sacred of human relations, and should never be dissolved without clear proof of imperious reasons. Indignities provoked by the complaining parties are of course no ground of divorce, unless the retaliation is excessive: *Esenwein v. Esenwein,* 312 Pa. 77, 167 A. 350.

Domestic disputes are not a cause for divorce unless they have the magnitude and importance of indignities such as would render one's condition intolerable and life burdensome: *Katz v. Katz,* 102 Pa. Superior Ct. 551, 157 A. 362. Even violent quarrels which were participated in by both parties are not sufficient: *Mathias v. Mathias,* 114 Pa. Superior Ct. 444, 174 A. 821.

The Act of Assembly as well as the authorities hold that a petition for divorce must be made not out of levity or by collusion, or for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes set forth in the libel.

We do not think that the libellant has sustained the burden of proof entitling him to a divorce.

The decree is reversed and the libel dismissed at the costs of appellee.