## Smereski *v.* Smereski, Appellant.

Submitted March 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*E. F. McGovern* and *Ralph J. Johnston,* for appellant.

*R. A. Livingston,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

This is an action in divorce by a husband against his

wife. The libel charging cruel and barbarous treatment and indignities to the person was filed on August 26, 1942. Respondent filed an answer denying the allegations of the libel and a master was appointed to take testimony. The master after taking testimony filed his report recommending that the divorce be granted on the grounds alleged in the libel.

Exceptions which were filed to the master's report were dismissed by the court below and a decree granting a divorce was entered. From this decree, the respondent wife appeals.

It is the duty of this Court to review the testimony and decide the case on its merits. *Nacrelli v. Nacrelli,* 288 Pa. I. 136 A. 228. A divorce will not be granted unless the grounds alleged in the libel are clearly established by the evidence. *Ulizio v. Ulizio,* 96 Pa. Superior Ct. 91.

Following the date of the marriage, April 14, 1923, the parties lived together in the City of Nanticoke, Pennsylvania, until August 17, 1942, when the libellant left home and brought this action for divorce. They have two children, Dorothy, age nineteen, and Henrietta, age thirteen.

The libellant testified that his troubles began thirteen or fourteen years prior to instituting these proceedings. He testified that his wife accused him of infidelity, involving various friends, neighbors and acquaintances; that she called him vile and obscene names and used abusive language; that she was habitually drunk; that her public conduct was such as to cause him humiliation and embarrassment; that her private conduct was such as to include acts of physical violence. Much of the testimony of the libellant was corroborated by other witnesses.

The libellant testified that in October 1939, while the respondent was arguing with the libellant, she kicked him in the abdomen, where he had a short time before been operated on for a ruptured appendix. The result

of this blow made it necessary that he return to the hospital. On November 4, 1941, the libellant stated, his wife again struck him in the abdomen; that he went to the hospital in June 1942; that one week after this visit to the hospital he was attacked by his wife with such force that her kick knocked him to the floor. The respondent denied these attacks but her witness, the daughter Dorothy, testified that she had seen her father on the floor. The daughter's testimony corroborated the libellant's statements as to the respondent's intemperance; her conduct while drunk; and the calling of vile and profane names. The libellant stated that as a result of the kicks his wife gave him in the abdomen, his body was twisted and he could not walk straight.

Cruel and barbarous treatment consists of actual personal violence or a reasonable apprehension thereof, or such a course of treatment as endangers life or health and renders cohabitation unsafe. *Campbell v. Campbell*, 129 Superior Ct. 106, 112, 194 A. 760.

Indignities may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, and every other plain manifestation of settled hate and estrangement. *Breene v. Breene*, 76 Pa. Superior Ct. 568; *Mathias v. Mathias*, 114 Pa. Superior Ct. 444, 174 A. 821; *Deutsch v. Deutsch*, 141 Pa. Superior Ct. 339, 14 A. 2d 586.

It is our opinion that the respondent's conduct was such as to constitute cruel and barabarous treatment and indignities to the person.

As to the question of the credibility of the testimony of the parties and the witnesses, the report of the master, who had the advantage of seeing and hearing the litigants while not controlling upon the court below or upon this Court, should not be lightly disregarded. *Koontz v. Koontz*, 97 Pa. Superior Ct. 70; *Wiley v. Wiley*, 125 Pa. Superior Ct. 547, 190 A. 363; *Briggs v.*

*Briggs*, 145 Pa. Superior Ct. 460, 21 A. 2d 415. It was the judgment of the master, after careful scrutiny of the testimony and observation of the parties, that the circumstances warranted a disregard of the evidence contrary to that of the libellant and that his charges were worthy of belief.

Our conclusion coincides with that of the court below. We feel that the quality of the libellant's evidence greatly surpassed the quality of the respondent's evidence; that he has made out a case by the weight of the evidence and a fair preponderance thereof. We are of the opinion that this is a case in which the libellant was justified in "resorting to the Courts to sever a relationship no longer endurable". *Sharp v. Sharp,* 106 Pa. Superior Ct. 33, 37; 161 A. 453.

Decree affirmed at the cost of the appellant.