HORTON, Judge.
Appellant wife, plaintiff below in a divorce action, takes this interlocutory appeal to' review an order denying her motion for a continuance and granting the appel-lee’s motion for leave to amend his counterclaim. We affirm.
The appellant brought suit for divorce against the appellee on December 29, 1961, charging him with extreme cruelty and habitual indulgence in a violent and ungovernable temper. On January 19, 1962, the appellee answered in the form of a general denial and counterclaimed for divorce charging the appellant with extreme cruelty. At the commencement of the action, the parties separated and they have continued to live apart. After some intermediate skirmishing, appellant moved for temporary attorney’s fees and additional costs in excess of $500. Hearing on this motion was held on September 18, 1962, after which the chancellor took the matter under advisement. He has not yet ruled on the motion.
*497 The cause was set for trial on October 23, 1962, and appellant moved for a continuance pending a ruling on her motion for temporary attorney’s fees and costs on the ground that she was without funds necessary to adequately pursue the action. On October 18, 1962, hearing was held on the motion for continuance, during which the appellant’s counsel protested that though appellant had not been charged with adultery in a pleading, there had been a great discussion of her alleged adulterous conduct by the appellee’s counsel in the presence of the court. After hearing, the chancellor entered the order appealed denying the motion for continuance and allowing the appellee to amend his counterclaim to charge the appellant with an act of adultery allegedly committed on May 6, 1962.
Appellant contends the chancellor erred in allowing the appellee to amend his counterclaim to charge the appellant with an act of adultery allegedly committed some four months after the filing of the original counterclaim which made no mention of adultery. We reject this contention.
In Thomas v. Thomas, 208 Ark. 20, 184 S.W.2d 812, the Supreme Court of Arkansas, in dealing with a similar problem, said:
“The annotator’s note to the case of Renner v. Renner, 127 A.L.R. 674, states the rule to be that a divorce will not be granted for causes arising after the action was brought. Among other cases cited to support this statement is our own Spurlock v. Spurlock, 80 Ark. 37, 96 S.W. 753. In this Spurlock case it was said that the cause of divorce must exist before the commencement of the suit, although it was held competent to prove the relation between the defendant and the co-respondent after the suit had been filed not as a ground for divorce, but as corroborating testimony as to the improper relations before the suit was filed.”
The rule stated in Thomas v. Thomas, supra, has been adopted by the majority of jurisdictions which have considered the problem,[1] and the appellant urges its adoption in this jurisdiction. We have examined this rule and find it incompatible with extant case law and the liberal rules of pleading in force in Florida. Rule 1.13 (5), Florida Rules of Civil Procedure, 30 F.S.A., provides:
“Counterclaim Maturing or Acquired After Pleading. A claim which matured after the service of an answer, may, with the permission of the court, be presented as a counterclaim by supplemental pleading.”
Rule 1.15(d), Florida Rules of Civil Procedure, provides :
“Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it-shall so order, specifying the time therefor.”
Rule 1.15(e), Florida Rules of Civil Procedure, provides:
“Amendments Generally. The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceedings, must disregard any error *498 or defect in the proceedings which does not affect the substantial rights of the parties.”
These rules are to be liberally construed to secure the just, speedy and inexpensive determination of every action. See Rule A, Florida Rules of Civil Procedure.
In Florida Bank and Trust Co. of West Palm Beach v. Morris, 101 Fla. 1305, 134 So. 617, the Supreme Court of Florida points out:
“Parties and subject-matter germane to and existing at the time of the filing of the original bill, if omitted therefrom, may on proper application be supplied by amendment. Parties and subject-matter accruing subsequent to the filing of the original bill may be supplied by supplemental bill, if germane to and they are material to the case.”
Matter which changes the rights and interests of the parties or introduces a new subject matter of litigation inconsistent with or repugnant to the original bill cannot be included in a supplemental bill. Florida Bank & Trust Co. of West Palm Beach v. Morris, supra; Phipps v. Quinn, 99 Fla. 1340, 128 So. 849; State v. Black River Phosphate Co., 32 Fla. 82, 13 So. 640, 21 L.R.A. 189; Ledwith v. City of Jacksonville, 32 Fla. 1, 13 So. 454.
Reverting to the case at bar, the amended counterclaim should be styled, and will be treated, as a supplemental pleading since it concerns subject matter accruing after the institution of the suit and the filing of the original counterclaim. Cf. Hotel & Restaurant Employees, etc. v. Boca Raton Club, Fla.1954, 73 So.2d 867, 48 A.L. R.2d 986. We conclude that the chancellor was correct in allowing the introduction of this subject matter into the action.' Where the original counterclaim charges extreme cruelty and seeks to obtain a divorce, the supplemental pleading seeks the same relief but on the additional ground of adtdtery. The supplemental pleading is not in effect the institution of a new and materially different suit which changes the rights of the parties or is so palpably inconsistent with or repugnant to the original counterclaim that no decree could properly be entered on the supplemental pleading. Cf. Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201. The chancellor could have refused to allow the introduction of this subject matter into the suit, but this would not have been just for it would have left the appellee without a remedy. Or, he could háve dismissed the suit and required the parties to replead, but this would not have secured the speedy and inexpensive determination of the cause.
The appellant complains of the chancellor’s failure to rule on her motion for temporary attorney’s fees and costs after the same had been orally argued and taken under advisement. Although the inaction of the chancellor in this regard is not under direct review in this appeal, we note our agreement with the appellant that she is entitled to an expeditious ruling on this motion.
We have considered the appellant’s remaining contentions and find them to be without merit. Accordingly, the order appealed is affirmed with leave to the appellant to file a responsive pleading within the time provided in said order.
Affirmed.

. See for example: Smith v. Smith, 265 Ala. 519, 92 So.2d 914; Cohn v. Cohn, Cal.App., 118 P.2d 903; Besche v. Besche, 209 Md. 442, 121 A.2d 708; Smith v. Smith, 21 N.J.Misc. 273, 33 A.2d 684; Deutsch v. Deutsch, 141 Pa.Super. 339, 14 A.2d 586.