MABEL A. LONDON *vs.* ARNOLD LONDON (and a companion case). June 23, 1964. Decrees affirmed with costs of appeal. Mabel A. London brought a petition for separate support against her husband alleging cruel and abusive treatment and desertion and that she was living apart from him for justifiable cause. He brought a libel for divorce against her alleging cruel and abusive treatment. He appealed from Probate Court decrees allowing her petition and dismissing his libel. The evidence is reported but there is no report of material facts. There was no error. On a review of the evidence the findings imported by the decrees cannot be said to be plainly wrong. *Carmichael* v. *Carmichael*, 324 Mass. 118, 119. *Duarte* v. *Duarte, ante,* 778. Counsel fees are to be awarded the wife in the discretion of the Probate Court.

*Herbert D. Lewis* for Arnold London.

*Robert L. Farrell* (*William A. Cotter, Jr.,* with him) for Mabel A. London.


MARIA A. ROCCA *vs.* HARRY J. WEBB & another, executors. June 24, 1964. Following a decree declaring that the petitioner was the owner of funds on deposit in a savings bank in an account standing in the name of the respondents' testator, the judge, in her report of material facts, fully supported by the reported evidence, found that the testator in March, 1961, delivered to the petitioner, a close and trusted friend, a power of attorney and his bankbooks, including the one in issue. On June 7, 1961, the testator asked to see the bankbook again, returned it to the petitioner, and stated then to the petitioner, and thereafter to the petitioner and to third persons, that the account represented by the bankbook was the petitioner's. These facts warranted a finding of a completed gift. *Monaghan* v. *Monaghan,* 320 Mass. 367, 369–370. A contrary finding is not required, as the respondents contend, by other facts found by the judge: that the testator, after the delivery to the petitioner, wrote to the bank (without enclosing the bankbook) asking that the account be made a joint account of the testator and the petitioner; that neither the testator nor the petitioner ever signed the signature card sent by the bank; that the petitioner sent the bankbook to the bank so that the testator, then ill, could make a withdrawal for current expenses; that the bank retained possession of the bankbook and, after the testator's death on June 30, 1961, turned it over to the executors. These were subsidiary facts for the judge to weigh in determining the ultimate question of a gift. *McKenna* v. *McKenna,* 260 Mass. 481, 484. *Brodrick* v. *O'Connor,* 271 Mass. 240, 246. We cannot say the judge was plainly wrong. *Wilson* v. *Wilson,* 329 Mass. 208, 209. The decree is affirmed with costs.

*Talbot T. Tweedy* (*Harry J. Webb* with him) for the respondents.

*Roger F. Turner* for the petitioner.