JUANITA B. CLIFFORD *vs.* HARPER B. CLIFFORD
(and a companion case[1]).

Norfolk.   May 9, 1968. — June 24, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Divorce*, Amendment of libel, Custody of child. *Probate Court*, Amendment, Rehearing.

A Probate Court was empowered to allow an amendment adding to a libel for divorce for cruel and abusive treatment the ground of adultery of the libellee occurring subsequent to the filing of the libel, and to enter a decree of divorce based on such adultery. [546–547]

Where the record of a divorce proceeding in a Probate Court did not disclose that the judge was plainly wrong in granting the husband a divorce, but did not enable this court to determine whether the trial judge was plainly wrong in granting custody of the parties' two minor children to the husband, in denying the wife alimony, and in awarding to her support for the children during their visits to her, the case was remanded for further hearing on such issues only. [548]

PETITION for separate support filed in the Probate Court for the county of Norfolk on October 9, 1964.

LIBEL for divorce filed in the same court on January 25, 1966.

The cases were heard by *Sullivan*, J.

*Bernard Kaplan* (*Jacob M. Atwood* with him) for Juanita B. Clifford.

*Walter H. McLaughlin, Jr.* (*George A. McLaughlin & David G. Hanrahan* with him) for Harper B. Clifford.

SPIEGEL, J.   This is an appeal by the wife from a decree entered in the Probate Court dismissing her petition for separate support. She also appeals from a decree which granted the husband a divorce on the ground of adultery; awarded him the custody of their two minor children; denied her alimony; granted her certain sums for support of the children; and allowed her counsel fees and expenses. The cases were tried together in the Probate Court. The

[1] Harper B. Clifford *vs.* Juanita B. Clifford.

decree nisi was modified and the entry of a decree absolute was stayed by a single justice in the county court pending determination of the appeal. The cases are before us on a consolidated appeal. The trial judge made a report of material facts and the evidence is reported.

The entire transcript of evidence containing almost 1,200 pages and the report of material facts have been carefully examined. This is the type of case where a summary of the evidence would be of no benefit to anyone and might prove harmful and embarrassing to the children, who are blameless.

1. We cannot say that the trial judge was plainly wrong in dismissing the wife's petition for separate support. Our review of the judge's findings is governed by the familiar rule of law stated in innumerable decisions of this court. *Bowditch* v. *Bowditch,* 314 Mass. 410, 416. *Whitney* v. *Whitney,* 325 Mass. 28. *Fulton* v. *Belmont,* 333 Mass. 64, 65. *Burnham* v. *Burnham,* 344 Mass. 763. *Hanlon* v. *Hanlon,* 353 Mass. 756.

2. The next issue involves the judge's allowance of an amendment to add the ground of adultery to the original libel for divorce in which it was alleged that the wife was guilty of cruel and abusive treatment. The act of adultery alleged in the amended libel and upon which the decree nisi was based occurred subsequent to the filing of the original libel and before the amendment. The wife contends that "[a]cts occurring after commencement of libel for divorce cannot of themselves be grounds for divorce under the libel." This contention appears to be supported by earlier decisions of this court. See *Thayer* v. *Thayer,* 277 Mass. 256. In many jurisdictions it has been held that a libel for divorce must be supported by evidence of acts occurring before the pleading is filed. See, e.g., *Hilley* v. *Hilley,* 275 Ala. 617; *Sterling* v. *Sterling,* 145 Md. 631. The recent trend, however, has been toward a more liberal interpretation of the rules regarding amendments, and several jurisdictions have affirmed decrees resting on evidence of acts occurring after the original pleading is filed and before a subsequent amendment. See, e.g., *Scherer* v. *Scherer,* 150 So. 2d 496 (Fla.);

*Sullivan* v. *Sullivan*, 234 Md. 67. See generally, Annotation, 98 A. L. R. 2d 1264. In this Commonwealth, the amendment provisions of G. L. c. 231, § 51, have been liberally construed. *Sharpe* v. *Metropolitan Transit Authy.* 327 Mass. 171, 174. *Wadsworth* v. *Boston Gas Co.* 352 Mass. 86. Rule 7 of the Rules of the Probate Courts (1959) provides that "[t]he Court in its discretion may allow the parties to amend their pleadings and may order or permit pleadings to be filed, or any act to be done, at other times than are provided in these rules, and may in all cases impose just and reasonable terms upon the parties." In *Scherer* v. *Scherer, supra,* a counter-claim to a suit for ·divorce which originally charged extreme cruelty was amended to include the additional ground of adultery. There, the District Court of Appeal of Florida concluded that "[t]he supplemental pleading is not in effect the institution of a new and materially different suit. . . . The chancellor could have refused to allow the introduction of this subject matter into the suit, but this would not have been just for it would have left the appellee without a remedy. Or, he could have dismissed the suit and required the parties to replead, but this would not have secured the speedy and inexpensive determination of the cause." 150 So. 2d at 498. We are of opinion that the same considerations of justice and expedition apply to the case at bar.[1] To prohibit the amendment of a divorce libel seeking to include additional grounds based on subsequent events would be an anachronism.

3. We are unable to say that the judge was plainly wrong in granting a divorce to the husband. There is no point in repeating the citations set forth in paragraph numbered 1.

4. We next consider those portions of the judge's decree granting custody of the children to the husband, denying the wife alimony, and granting the wife certain sums for support of the children during those periods when the chil-

---

[1] We note that the judge allowed the wife to amend her petition for separate support to add the ground of adultery by the husband occurring subsequent to the filing of the original petition.

dren would be visiting with her. Time and again in our decisions we have said that in determining who should have custody of the children the sole question is what is best for their welfare. *Hersey* v. *Hersey,* 271 Mass. 545, 555. *Stevens* v. *Stevens,* 337 Mass. 625, 627. There is no absolute rule. *Haskell* v. *Haskell,* 152 Mass. 16. Custody is not a prize to be awarded to the prevailing party.

The parties here can hardly be called naive. This was the third marriage for each and they have been in litigation in the Probate Court because of their domestic difficulties since 1964. While the wife's conduct could hardly be called exemplary, she has nevertheless shown deep affection for the children. We are not satisfied, on this record, that the judge was justified in determining that the husband would be in a better position than the wife to take care of the children, especially during their adolescence. His business affairs apparently necessitate his absence from home for extended periods of time. While we do not imply that the rules of evidence should be disregarded, we think, too, that this is a situation where it would have been in the exercise of sound judicial discretion to have permitted broader inquiry on the issue of custody.

Because of the foregoing, we are unable to determine whether the judge was plainly wrong in granting custody to the husband and denying alimony to the wife, and in his order regarding support for the children. Consequently we believe that a further hearing is required on these issues.

5. We cannot say that the counsel fees and expenses awarded the wife are insufficient. The matter rests in the discretion of the Probate Court. *London* v. *London,* 347 Mass. 782.

6. That portion of the decree granting custody to the husband, denying alimony to the wife, and awarding support to the wife for the children is reversed. The case is remanded to the Probate Court for a hearing solely on these issues. In view of the peculiarly acrimonious background of this dispute, we think it advisable that this matter be heard by a judge other than the trial judge. Pending such

further hearing and until after such hearing when a new order and decree may be entered in the Probate Court, the order of the single justice of this court shall remain in full force and effect as to the issues to be heard on remand. Costs and expenses are to be in the discretion of the Probate Court.

*So ordered.*