J-S75041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WONCIEL CURRAN, | |
| Appellant | No. 1552 EDA 2014 |

Appeal from the PCRA Order entered March 28, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0208821-2001

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:              **FILED DECEMBER 01, 2014**

Wonciel Curran ("Appellant") appeals *pro se* from the order denying his untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> Thirteen years ago, in 2001, Appellant pled guilty to sexual assault and corruption of a minor and was sentenced to 11½ to 23 months [of incarceration,] followed by three years of probation.  Appellant subsequently violated the terms of his probation and was resentenced to 5 to 10 years on each charge on May 20, 2003.  No direct appeal was filed.
>
> Appellant filed a *pro se* PCRA petition on June 19, 2012, alleging that he was unlawfully induced into entering a plea of guilt, that his counsel was ineffective, and that his constitutional rights were violated.  PCRA counsel was appointed, but he did not file an amended petition.  Instead, counsel filed a no-merit *Finley* letter, alleging he

had reviewed the quarter session file, all available notes of testimony, and had corresponded with Appellant. Based upon his review, counsel stated that Appellant's petition was untimely and that no applicable exception to the filing requirement applied. Accordingly, counsel sought leave to withdraw from the case.

On February 24, 2014, this court gave Appellant the requisite notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. [] 907(a). Appellant filed a timely response, but did [not] address the timeliness of his petition. On March 28, 2014, this court dismissed the petition and granted counsel's request to withdraw. Appellant filed the instant appeal on April 11, 2014.

PCRA Court Opinion, 5/20/14, at 1-2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal,[1] we must first consider whether the PCRA court properly determined that his petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930

---

[1] Appellant's *pro se* brief does not include a statement of questions involved on appeal, and otherwise fails to comply with the briefing requirements of the Pennsylvania Rules of Appellate Procedure. We do not dispose of Appellant's appeal based upon a defective brief, however, because the untimeliness of his PCRA petition is evident. *See generally*, *Commonwealth v. Snyder*, 870 A.2d 336 (Pa. Super. 2005).

A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a direct appeal to this Court following the imposition of his revocation sentence, his judgment of sentence became final on June 19, 2003, thirty days after the time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his petition by June 19, 2004, in order for it to be timely. As Appellant filed the instant motion on June 19, 2012, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Appellant's *pro se* brief presents a rambling, unintelligible discourse involving many federal and state statutes, as well as the perceived constitutional infirmities to his convictions. To the extent we understand

them, none of Appellant's assertions reference the pertinent provisions of the PCRA, or establish any of the exceptions to the PCRA's time bar. Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014