## COMMONWEALTH *vs.* EDWARD CLANCY.

Middlesex.   April 7, 1988. — June 22, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Evidence,* Communication between patient and psychotherapist, Privileged communication, Hospital record. *Privileged Communication. Waiver. Witness,* Privilege, Psychiatric examination. *Constitutional Law,* Confrontation of witnesses.

Although a Commonwealth witness at a criminal trial, who during direct examination by the prosecution revealed the exact diagnoses of his past mental illnesses and the dates of his hospitalization, had waived his patient-psychotherapist privilege with respect to the information disclosed during direct examination, the judge, concluding that the witness had retained his privilege as to all other communications contained within his psychiatric hospital records, properly limited defense counsel's access to only those portions of the medical records pertaining to the disclosed information. [666-669]

A criminal defendant who contended that his confrontation rights under the Sixth Amendment to the United States Constitution, as well as his Federal due process rights, entitled him to review all portions of a prosecution witness's psychiatric records, but who failed to establish a legitimate need for the privileged information sought, did not meet his burden of establishing why the witness's patient-psychotherapist privilege should have yielded to his asserted constitutional rights. [669-671]

INDICTMENTS found and returned in the Superior Court Department on November 21, 1985.

The cases were tried before *Hiller B. Zobel,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James R. DeGiacomo* (*Anne H. Stossel* with him) for the defendant.

*Robert M. Mendillo,* Assistant Attorney General, for the Commonwealth.

NOLAN, J. On May 29, 1986, the defendant was convicted of larceny of property valued over $100 and commercial brib-

ery. The defendant was sentenced to two and one-half years in a house of correction, which was suspended for two years, with probation. In addition, he was required to serve 200 hours of alternative punishment and fined a total of $4,275.

The issue on appeal is whether the trial judge erred in refusing to allow defense counsel to review the complete psychiatric hospital records of the Commonwealth's principal witness. For the reasons discussed below, we affirm the defendant's convictions.

At trial, the Commonwealth alleged that the defendant and his employer, P.J. Riley & Company, Inc.,[1] engaged in a "no-show employee scheme" to defraud one of their customers, the Exxon Corporation. Neal F. Doherty, an Exxon Corporation supervisor, had also been indicted for his involvement in the scheme. However, Doherty testified on behalf of the Commonwealth in return for a recommendation that he not be incarcerated.

We review the background giving rise to the issue on appeal. Shortly before trial, Doherty's psychiatric hospital records were delivered, pursuant to a court order, to the Superior Court. The judge examined the records and subsequently raised the issue of the patient-psychotherapist privilege with counsel (G. L. c. 233, § 20B [1986 ed.]). The parties discussed the fact that Doherty had been hospitalized several times for episodes of depression or nervous breakdown.

During this colloquy, the judge commented that he did not consider the fact of treatment to be a privileged matter. The judge did, however, conclude that the details of Doherty's treatment were privileged. While indicating that he considered portions of the record valuable for purposes of cross-examination, the judge would not allow defense counsel to view the records. Instead, the judge stated that he would allow defense counsel to pursue a limited line of inquiry during the cross-examination of Doherty. The judge explained that his ruling regarding the viewing of records was based on the fact that the privileged and nonprivileged information contained within

---

[1] P.J. Riley & Company, Inc., was found guilty of larceny and commercial bribery but did not appeal the convictions.

them overlapped extensively and that review of the documents by defense counsel would have rendered the privilege meaningless. The defendant raised no objection to any of the judge's rulings at this time.

At the conclusion of this discussion, the jury were empanelled and the Commonwealth began its case-in-chief. The Commonwealth called Doherty and ended its direct examination with a discussion of his medical problems. At side bar, defense counsel then requested permission to view the records on the ground that the witness had waived his privilege through statements he made during direct examination.

The judge concluded that there had been a partial waiver of Doherty's privilege. The judge then ruled that defense counsel would have access only to portions of Doherty's hospital records. Defense counsel objected to this limited disclosure.

1. *Statutory rights.* On appeal, the defendant contends that the witness unequivocally waived his patient-psychotherapist privilege under G. L. c. 233, § 20B, when he testified concerning his psychiatric history. Therefore, the defendant argues, the judge erred in denying him full access to the witness's hospital records.[2] We are not persuaded that the witness waived his privilege merely by taking the stand and answering questions on the topic of his mental health.

As a preliminary matter, we acknowledge that when the issue of privilege is raised, it falls to the judge to determine the nature and extent of the privilege. As to matters outside the privilege, clearly defense counsel has a right of access.

The statutory privilege under review here protects (with exceptions not here material) any communication whenever made between a "patient and a psychotherapist relative to the diag-

---

[2] In his brief, the defendant also argues that he should have been allowed to examine the documents in camera. The defendant, however, never requested such a review, nor did he object to the judge's exclusive inspection of the records prior to trial. While we need not consider this issue on appeal, *Commonwealth* v. *Marchionda*, 385 Mass. 238, 242 (1982), we note that we have specifically approved of a judge's private inspection of records for the purpose of determining the applicability of a privilege. *Commonwealth* v. *Collett*, 387 Mass. 424, 436 (1982).

nosis or treatment of the patient's mental or emotional condition." G.L. c. 233, § 20B. The privilege gives the patient the right to refuse to disclose and to prevent another witness from disclosing any communication between patient and psychotherapist concerning diagnosis or treatment of the patient's mental condition. *Petitions of the Dep't of Social Servs. to Dispense with Consent to Adoption*, 399 Mass. 279, 287 (1987). The term "communications" includes conversations, correspondence, actions, occurrences, memoranda, or notes relating to diagnosis or treatment. *Id.*

The privilege does not protect the existence of the fact of a hospital admission, the dates of hospitalization or even the purpose of the admission, if such purpose does not implicate communications between the witnesses and the psychotherapist, though conceivably such purpose may require disclosure of the diagnosis, and in that instance the purpose is within the privilege. The judge accurately set forth these principles to counsel at a bench conference before trial.

A distinction may be drawn between the disclosure of communications between the witness-patient and his psychotherapist which are privileged and the right to examine documents which may contain privileged communications. It may be argued that the privilege does not necessarily bar examination, but only disclosure in evidence. However, matters clearly within the privilege should not ordinarily be open for examination by counsel because the purpose of the statute is to protect justifiable expectations of confidentiality that people who seek psychotherapeutic help have a right to expect. *Usen* v. *Usen*, 359 Mass. 453, 457 (1971).

In *Commonwealth* v. *Goldman*, 395 Mass. 495, cert. denied, 474 U.S. 906 (1985), we addressed the issue of waiver of privilege in the context of the attorney-client privilege. There, we stated that, when a witness takes the stand, he does not automatically waive the attorney-client privilege. *Id.* at 498. We stressed that such a situation presents two distinct possibilities, only one of which suggests a finding of waiver. An individual may testify "as to events which happen to have been a topic of privileged communication" without waiving his or

her privilege. *Id.* at 499-500. It is only when a witness testifies to the specific details of an "identified privileged communication" that a finding of waiver may result. *Id.* We believe that the reasoning underlying this dichotomy is equally applicable to situations involving the patient-psychotherapist privilege.

Initially, the judge in this case commented that he considered the details, but not the fact that the witness was treated, to be privileged. However, the judge stated that he would allow defense counsel to question the witness regarding the fact that he was treated, the dates he was treated, and the nature of the treatment he received, because the Commonwealth had previously revealed that the witness had been hospitalized for psychiatric illness. Before defense counsel could pursue this line of inquiry, the witness revealed, during direct examination by the Commonwealth, the exact diagnoses of his illnesses and the dates of hospitalization.[3]

After a voir dire examination of the witness, the judge concluded that Doherty had waived his patient-psychotherapist privilege with respect to the information disclosed during direct examination. The judge determined that the witness had, however, retained his privilege as to all other communications

---

[3] This portion of Doherty's testimony is reproduced below:

THE PROSECUTOR: "Now, Mr. Doherty, I'm going to ask you some personal questions now."
" . . . .
THE PROSECUTOR: "And have you ever been treated for any mental condition?"
THE WITNESS: "Yes.
" . . . .
"I was in and out of mental health units for five or six — five times."
" . . . .
THE PROSECUTOR: "And do you know what you were being treated for?"
THE WITNESS: "Nervous breakdown, depression and alcoholism."
THE PROSECUTOR: "And when were you first treated for alcoholism?"
THE WITNESS: "1981, I think."
THE PROSECUTOR: "All right. And when were these hospitalizations you were talking about?"
THE WITNESS: "July of '82, October of '82, December, I was in the hospital over Christmas, and New Year's, December and part of January. April and May — no, April and June."

contained within his medical records. Accordingly, the judge provided defense counsel with the portions of the medical records pertaining to the disclosed information and denied counsel access to other documents.

We conclude that the judge properly limited defense counsel's access to Doherty's hospital records. The judge's ruling is consistent with our reasoning in *Commonwealth* v. *Goldman, supra,* that a witness does not relinquish all protection by merely testifying to events falling within the subject matter of a privilege.

2. *Constitutional rights.* The defendant also contends that his Sixth Amendment right to confrontation and his due process rights were violated by the judge's ruling limiting the defendant's access to the witness's medical records. Our discussion is based exclusively on the United States Constitution. Though he does not advance any argument founded on State constitutional grounds, the defendant relies on dictum in *Commonwealth* v. *Two Juveniles,* 397 Mass. 261 (1986), in support of the argument that his constitutional guarantees should take precedence over the witness's testimonial privilege. While we continue to support the proposition enunciated in *Commonwealth* v. *Two Juveniles, supra* at 266, that a privilege may at times yield to a constitutional right, it has no application in the instant case.

In *Commonwealth* v. *Two Juveniles, supra,* we addressed the issue whether the absolute prohibition against disclosure contained within G. L. c. 233, § 20J (1986 ed.) (disclosure by sexual assault counsellor), was constitutional in the face of the confrontation clause of the Sixth Amendment to the United States Constitution and provisions of the Massachusetts Constitution. While declining to answer that question in the abstract, we did discuss principles to be considered when resolving that issue in appropriate cases. *Id.* at 265-269. We stated that the individual seeking to override the privilege of another bears the burden of establishing a legitimate need for the privileged information sought. *Id.* at 269. Cf. *United States* v. *Valenzuela-Bernal,* 458 U.S. 858, 867 (1981) (defendant must make some plausible showing of how the testimony of

witnesses claimed to be necessary under the compulsory proc-
ess guarantee of the Sixth Amendment would have been both
material and favorable to defense). We also warned that this
burden would not be met simply by a showing that the infor-
mation was likely to be relevant, material, or unavailable from
other sources. *Commonwealth* v. *Two Juveniles, supra* at 269.
See *State* v. *Agurs*, 427 U.S. 97, 109-110 (1976) (mere pos-
sibility that undisclosed information might aid defense does
not establish materiality).

In a recent case decided under the confrontation clause of
the Sixth Amendment by the United States Supreme Court,
the Court held that a defendant, charged with various sexual
offenses against his minor daughter, was entitled to a review
by the trial judge of a file compiled by a child and youth
services agency to determine whether it contained information
that probably would have changed the outcome of the trial.
The Court further held that the defendant was not entitled to
examine the confidential information in this file. *Pennsylvania*
v. *Ritchie*, 480 U.S. 39 (1987). The danger lurking in the
practice of such an exclusive in camera review of the file by
the trial judge is a confusion between the roles of trial judge
and defense counsel. The judge is not necessarily in the best
position to know what is necessary to the defense. However,
some accommodation must be made in striking a balance be-
tween a witness's privilege and the defendant's right to confron-
tation and a fair trial. We are not reaching the propriety of
this practice under State law because the defendant relies ex-
clusively on the United States Constitution and we are not
suggesting that the result would be the same under State law.
The result we reach is dictated by *Ritchie*.

Here, the defendant would have us believe that he had a
legitimate need to review all portions of the witness's hospital
records in order to cross-examine Doherty effectively. How-
ever, during the pretrial bench conference on the issue, the
defendant never articulated any particular need for full access
to the documents.

When the Commonwealth completed its direct examination
of Doherty, defense counsel moved the court to "unseal the

hospital records and permit defense counsel to examine the records prior to cross-examination" because "the testimony of the witness clearly indicates a waiver of the privilege." The judge allowed all counsel to examine the discharge summaries but nothing else in the medical records.

Doherty had not waived the privilege. Counsel's declaration falls short of the required demonstration of need. In *Commonwealth* v. *Two Juveniles*, *supra* at 269, we ruled that the defendant must "demonstrate that the protected information is likely to be useful to his defense." In the present case, the defendant did not even assert, much less demonstrate, the likely usefulness of the hospital records.

We therefore conclude that the defendant did not meet his burden of establishing why the witness's privilege should have been fully overridden in this case.

*Judgments affirmed.*