Toomey, J.
This case arises from a claim by Bruce Myers and Carol Ann Myers (“plaintiffs”) that David Tiberii (“defendant”) was negligent in advising plaintiffs regarding the status of title to their property in Douglas, Massachusetts. A boundary line dispute with plaintiffs’ neighbors, Mr. and Mrs. James Anderson (“Andersons”) had arisen and plaintiffs had sought counsel from defendant.
BACKGROUND
On October 22, 1993, Carol Ann Myers was deposed by defendant’s counsel. During that deposition, Mrs. Myers testified, without objection, about advice given to her by Attorney Mary Healey, an attorney plaintiffs had contacted prior to retaining defendant regarding the boundary dispute. More specifically, Mrs. Myers, in response to a deposition question regarding the *706 advice given her by Attorney Healey, testified that “[Attorney Healey] said [the property] was [Mr. Anderson’s], and it’ll — she believed it was his. And it would cost us too much money to fight him in court. And we didn’t have the money to do that.” Deposition of Carol Ann E. Myers, October 22, 1993, p. 51. Mrs. Myers later testified that she thought that Attorney Healey believed the property belonged to the Myerses, but that it would cost too much money to fight for it. Id. at 53. Shortly after that exchange, the deposition was suspended because Mrs. Myers was not feeling well. On December 21, 1993, the deposition was resumed, but Mrs. Myers’ attorney instructed her not to answer any questions regarding attorney-client communications.
Defendant now moves this Court to declare that, because Mrs. Myers’ attorney-client privilege was waived by her previous testimony, she may not now resist answering on grounds of the privilege. Defendant requests that the court order that the deposition of Mrs. Myers be re-opened and that defendant’s counsel be permitted to inquire about Attorney Healey’s advice. For the following reason, defendant’s request will be allowed.
DISCUSSION
If a client testifies as to the content of a privileged communication, the attorney-client privilege may be deemed waived. Commonwealth v. Goldman, 395 Mass. 495, 500 (1985). See also, Commonwealth v. Clancy, 402 Mass. 664, 667-68 (1988). At her deposition, Mrs. Myers testified as to the content of the advice she received from Attorney Healey. Thus, the attorney-client privilege, protecting Carol Ann Myers from disclosures of her communications with Attorney Mary Healey, has been waived. The waiver is, however, limited to advice given by Attorney Healey regarding her opinion of who owned the property in question. Only to that extent may inquiry now be made of Mrs. Myers’ concerning Attorney Healey’s advice.
CONCLUSION
Defendant’s Motion is ALLOWED to the extent that it seeks leave to re-open the deposition of Carol Ann Myers and to inquire, with respect to Mrs. Myers’ communication with Attorney Healey, to the limited extend directed supra.

David R. Bohanan.