Gershengorn, J.
INTRODUCTION
This matter comes before the court on a motion for summary judgment by defendants Massachusetts General Hospital (MGH), Susan Dellasandro (Dellasandro), Joan Elias (Elias) and Marilyn McMahon (McMahon). The individually named defendants are employees of MGH (collectively MGH and its employees).[2] Plaintiff Roland Harris claims that MGH and its employees violated his psychotherapist-patient privilege under G.L.c. 233, §20B by releasing medical records containing privileged communications to a *416 Department of Industrial Accidents (DIA) hearing. As a result of this delivery, the plaintiff alleges further wrongful acts by defendants including: violation of his right to privacy under G.L.c. 214 §1B; intentional and negligent infliction of emotional distress; intentional interference with contractual rights; disparagement of professional reputation and unfair and deceptive trade practices in violation of G.L.c. 93A. For the reasons stated below, defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
This lawsuit arises from an underlying proceeding by plaintiff, Roland Harris,[3] pursuant to a claim before the DIA for workers’ compensation benefits. The DIA proceeding concerned plaintiffs claims of psychological trauma and disability against his employer, the Fernald School. Plaintiff sought psychiatric treatment at MGH as a result of this trauma. The Fernald School was represented in the DIA proceeding by codefendant Terence Buckley (Buckley).
On May 2, 1994, in connection with the workers’ compensation proceeding before DIA, Buckley caused a subpoena to be issued to the MGH Medical Records Department for plaintiffs medical records. Plaintiffs name was encaptioned on the subpoena. The subpoena was received by Donna Gay, an employee of MGH. The subpoena instructed the Keeper of the Records for MGH to appear before DIA with “all records relating to medical treatment” given to plaintiff including records of psychiatric treatment.
At no time did plaintiff give MGH express authorization for the release of his psychiatric records. An authorization request form sent by MGH was not returned by plaintiff. An employee in the MGH Medical Records Department[4] sought advice from the MGH Office of General Legal Counsel on how to proceed with the subpoena. McMahon, a paralegal in that office, initially received the request for advice. At some point she also received a call from Buckley inquiring as to the status of the subpoenaed records. McMahon, who, as a paralegal does not render legal advice, consulted with an attorney, Joan Elias, of that office. Based on that consultation, McMahon advised Buckley that MGH would be sending the records directly to the DIA hearing judge (D’Esti), with a cover letter stating that the attached records contained statutorily privileged information.
On the day of the hearing June 30, 1994, the subpoenaed records were delivered to the hearing judge. The cover letter attached to the records by Dellasandro further requested that the judge review the records in camera to determine if release of the records, despite their privileged nature, was proper.
On that day, the records were transferred from the hearing judge to Buckley, apparently without the requested judicial determination of privileged status and relevance of the records. Copies were also provided to plaintiffs counsel.[5] Buckley proceeded to use these records in his cross-examination of the plaintiff at the DIA hearing. The documents were not offered into evidence.
As a result of allegedly wrongful conduct of Buckley in subpoenaing and using the medical records at the DIA hearing, and of MGH and its employees for releasing the records to the hearing judge, this suit was initiated.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact, and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976), Mass.R.Civ.R 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case, or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass 706, 716 (1991). In deciding a motion for summary judgment, the court views the facts in the light most favorable to the nonmoving party. G.S. Enterprises, Inc., v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
A. Statutory Claim of Privilege (G.L.c. 233, §20B)
The true crux of plaintiffs complaint hinges on defendants’ compliance with Buckley’s subpoena of the medical records to the DIA hearing officer. Plaintiff argues that in complying with the subpoena, MGH and its employees violated his right to privacy under G.L.c. 233, §2OB, and G.L.c. 214, §1B.
Keeping of records by hospitals in the Commonwealth is mandated by G.L.c. 111 §70. This statute also outlines the necessary requirements for the release of medical records to the patients themselves, and other interested parties. The pertinent part of G.L.c. 111, §70 reads as follows:
... [A] hospital or clinic served with a subpoena for such records of any party named in that proceeding as shown by the case caption appearing on the subpoena, shall deliver certified copies of the subpoenaed records in its custody to the court or place of hearing designated in the subpoena.
G.L.c. 111, §70 (emphasis added). The language regarding medical records of parties named in the caption of the subpoena was added to the statute by *417 amendment in 1990. The 1990 amendment eliminated, where a subpoenaed medical record is that of a party to a proceeding, the previous statutory requirement that medical records could be obtained only upon “proper judicial order.”
Where the language of a statute is clear, it must be given its plain and ordinary meaning. Nationwide Mutual Ins. Co. v. Commissioner of Ins., 397 Mass. 416, 420 (1986); Commonwealth v. One 1987 Mercury Cougar Automobile, 413 Mass. 534, 537 (1992). The plain and ordinary meaning is conclusive as to the legislative intent absent any contrary evidence to the statute’s intent and purpose. Id.
The language of this statute is clear. A hospital or clinic served with a subpoena for records of a captioned party shall deliver those records to the place of hearing. Section 70 makes no provision for documents which may or may not be privileged to be excepted from the mandate. The only exception made in that section is for peer review records. G.L.c. Ill, §70.
This amendment imposes the burden of raising and litigating questions of privilege on the parties and the judicial officer at the proceeding. The statutory provision relieves a hospital, which may have little or no interest in the litigation, of the responsibility of determining the relevance and privilege of medical records. A party in interest is in the proper position to protect confidential information by raising the issue with the court or hearing officer where the records are delivered in accordance with the statute. The court then has the opportunity to review the already produced medical records in camera, and allow counsel to assert and oppose issues of privilege.
1. Applicability of G.L.c. 233, §20B
Plaintiff claims that because the medical records at issue in the subpoena to MGH included confidential communications, such communications were privileged under G.L.c. 233, §20B, and should not have been released by MGH. Contrary to plaintiffs claim, this statute does not modify, and is not an exception to, G.L.c. Ill, §70.
It is true that G.L.c. 233, §20B is relevant here. The purpose of the statute is to protect justifiable expectations of confidentiality that most individuals seeking psychotheraputic treatment expect. Usen v. Usen, 359 Mass. 453, 457 (1971). Petitions of Dept of Social Services to Dispense with Consent to Adoption, 399 Mass. 279, 287 (1987). The privilege grants the patient the right to refuse to disclose, and to prevent other witnesses from disclosing, any communication between patient and the psychotherapist relative to diagnosis or treatment of a patient’s mental condition. G.L.c. 233, §20B; Commonwealth v. Clancy, 402 Mass. 664, 667 (1988); Petition of D.S.S., supra at 287. Communications, as defined by the statute, include records of psychiatric treatment. Id.
However, G.L.c. 233, §20B is not a statement of absolute privilege. Rather, the statute contains six exceptions limiting its scope, and as such, the privilege at issue “derive[s] from a less firmly based legislative concern.” Commonwealth v. Stockhammer, 409 Mass. 867, 883 (1991). Subsection (c) is an exception to this privilege, and provides the privilege does not apply:
In any proceeding ... in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.
The underlying workers’ compensation proceeding is in fact a proceeding where plaintiff has introduced his mental condition as an element of the claim. The issue of whether the privilege applied is then one for the hearing officer. Compliance with G.L.c. 111, §70 has no bearing on the issue of privilege. Rather, the issue is one to be addressed by the hearing officer.
MGH and its employees released plaintiffs medical records to the hearing officer in compliance with the statutory mandate of G.L.c. 111, §70. MGH did not deliver the documents to counsel directly. As such, they did not violate plaintiffs privilege under G.L.c. 233, §20B. In fact, MGH and its employees went beyond what was mandated by statute, by providing the hearing officer with a letter warning that the contents af the documents included communications to which a claim of privilege could be made. The letter sent by Dellasandro requested the hearing officer proceed by in camera review BEFORE releasing records to the parties.
Because the actions of the individual employees of MGH were not wrongful or violative of plaintiffs statutory rights in releasing the records pursuant a valid subpoena, MGH is not subject to liability. Gangl v. Ford Motor Co., 37 Mass.App.Ct. 561, 563 (1994).
2. Subpoena is valid
Plaintiff claims that the subpoena served on MGH was not valid, and MGH had no right to release the records pursuant to an invalid subpoena. First, plaintiff claims the Department of Industrial Accidents does not have enforceable subpoena power, such power must instead be exercised by the Superior Court. Plaintiffs reading of the statute is in error. G.L.c. 152, §1 IB expressly states that “any member of the board [DIA] may subpoena witnesses, administer oaths, and examine such parts of the books and records of the parties to a proceeding.” Enforcement by the Superior Court becomes relevant when a party fails to comply with a subpoena. It is true there is no independent enforcement power by the DIA. In the instant case, however, there is no issue as to enforcement, because MGH complied with the subpoena, issued under the valid powers of the DIA.
*418 Plaintiff also claims the subpoena is facially invalid because it was executed after its return date. The record indicates that the date of the hearing was changed from its original May 19, 1994 date to late June. Buckley communicated as much to MGH when he called to inquire about the status of the subpoenaed records. The records were delivered to the hearing officer on the date of the DIA hearing. As such, the purpose of the subpoena was fulfilled.
B. Liability of defendants Joan Elias and Marilyn McMahon
Joan Elias is an attorney with the Office of General Counsel of MGH. Marilyn McMahon is a paralegal, also with that office, and as such is the representative of an attorney. Plaintiff claims that negligent acts [negligent infliction of emotional distress] by these two defendants caused injury to him, and they should be held liable in their individual capacities.
In order for there to be negligence, a duty of care must be owed by the tortfeasor. Absent a duty of care, there can be no actionable negligence. Dhimos v. Cormier, 400 Mass, 504, 507 (1993). Without an attorney-client relationship, the court recognizes a duly of reasonable care only if an attorney knows or has reason to know a nonclient is relying on the services rendered. Lamare v. Basbanes, 418 Mass. 274, 276 (1994). A court will not impose a duty if such an independent duty would potentially conflict with the duty the attorney owes to his or her client. Id.; Spinner v. Nutt, 417 Mass. 549, 552 (1994). “It is well established that attorneys owe no duly to their client’s adversary.” Lamare, supra at 276.
It is clear that Elias and McMahon were not in an attorney-client relationship with plaintiff. Their client is the Massachusetts General Hospital. There is no evidence to support that plaintiff was relying on the advice given by defendants to MGH in light of the fact that plaintiff was also represented by counsel. Defendants, therefore, would have no reason to know if plaintiff was so doing. Finally, as counsel to MGH, it would conflict with their professional duties to MGH if such an obligation extended to plaintiff, a patient of MGH.
Therefore, Elias cannot be held liable in her individual capacity in any claim of negligence because she owed no duty to the plaintiff. As her representative, McMahon is also immune from liability.
C. Remaining Counts
Plaintiff also makes a number of common law and statutory claims[6] against MGH and its employees. All of these claims are derivative of the wrongful release of plaintiffs medical records to the DIA hearing. Because this court has determined (Part A above) the release of the medical records by MGH was proper pursuant to G.L.c. Ill, §70, these claims must also fall. Because the release of the information was proper, plaintiff is unlikely to produce evidence at trial to support such claims. For the above stated reasons, summary judgment is appropriate as to all counts of the complaint.
ORDER
For the forgoing reasons, it is ORDERED that the defendants’ motion for summary judgment as to all counts of the Amended Complaint be ALLOWED. Furthermore, plaintiffs request for sanctions is DENIED.

Susan Dellasandro is in charge of the Medical Records Correspondence section at MGH, Joan Elias is an attorney and Associate General Counsel at MGH, and Marilyn McMahon is a paralegal in the Office of General Counsel.

Roland Harris v. Fernald School, DIA 62993.

It was either Ms. Gay or Ms. Dellasandro who contacted legal counsel.

It is not clear at what point or how the records were transferred to counsel, and when plaintiffs counsel received copies. This point is not material to the claims against these defendants.

The other claims against defendants are: invasion of privacy under G.L.c. 214, §1B; intentional/negligent infliction of emotional distress; intentional interference with contractual relations; disparagement of professional reputation and unfair and deceptive trade practices under G.L.c. 93A, the consumer protection statute.