Agnes, A.J.
On June 20, 2002, a Middlesex County Grand Jury returned a 16-count indictment charging the defendant with the rape and sexual assault of four males while he was engaged in the active ministry as a Roman catholic priest in Newton, Massachusetts. The indictment charges that the defendant committed these sexual assaults against the victims between September 30, 1979 and June 30, 1989 while they were children.
The Commonwealth hás filed two motions seeking relief under Mass.R.Crim.P. 14(a)(6) in the nature of protective orders to restrict the defendant’s use of certain discovery that the Commonwealth is prepared to turn over. The Commonwealth’s motion is supported by an affidavit by Assistant District Attorney Lynn C. Rooney. Counsel for the defendant has not submitted a written opposition or affidavit, but maintains that restrictions that would preclude him from disclosing the material to potential witnesses would unduly interfere with his client’s right to a fair trial and his capacity to provide his client with effective representation. The essential facts are not in dispute.
BACKGROUND
The Commonwealth’s motion arises in response to discovery requests made by the defendant including a request to obtain “discovery of the victims’ medical, DSS and Bishop records, all broadly defined, including the names of any care givers who have ‘ever’ treated the victims." Commonwealth’s Memorandum of Law at 3. The defense also sought discovery, as to each witness who testified before the grand jury or who may testify at trial, that included “(t]he details of any evidence that such witness is or was suffering from any physical or mental disability or emotional disturbance, drug addiction, or alcohol addiction at any time from the period of the offenses alleged to the present,” and any other facts bearing on the credibility of such persons. Id. at 3-4.
The Commonwealth seeks to restrict the defendant’s use of videotapes of interviews with the victims in which they describe “multiple allegations of oral, anal, and digital rape committed by the defendant . . . [while] the complaining witnesses were between six (6) and thirteen (13) years of age.” Affidavit of Assistant District Attorney Lynn C. Rooney, para. 3 (hereafter “Rooney Aff.”). The Commonwealth also seeks a protective order concerning certain medical and mental health records pertaining to the victims that were presented to the grand jury that returned the indictments in this case. These are described as records maintained by specifically named hospitals and treatment centers. See Rooney Aff., para. 7. The Commonwealth obtained these records by first securing a release from each of the victims. Rooney Aff., para. 8 & Exhibit A. The Commonwealth further states that before it interviewed the victims and created the videotapes it informed the victims that if indictments were returned there was a discovery process that would require certain material to be turned over to the defendant, but that the Middlesex' County District Attorney’s Office would seek an order from the court to restrict discovery of the material. Rooney aff. Para. 8. According to the Commonwealth, “(e]ach of the complaining witnesses expressed deep concern about the confidentiality of their statements” and gave consent to be interviewed only after receiving assurances from the district attorney that a protective order would be sought. Rooney Aff., para. 4.
In terms of the extent to which the discovery material in question is already in the public domain, the Commonwealth states that one of the four victims has made public statements about what the defendant is alleged to have done, while a second victim has discussed his experiences with an out of state journalist. The remaining two victims have not discussed their experiences with anyone else. The District Attorney has not released any information about the identity of the victims, and their names are not contained in the indictments. Rooney aff. Para. 5. One of the victims who has filed a civil suit using a pseudonym has expressed special concerns to the District Attorney because he is the father of a young child who does not know of her father’s involvement in this case. Rooney aff. Para. 6. The Commonwealth further states that none of the mental health or treatment records have been filed in court or otherwise made public in connection with any of the civil suits filed by any of the victims. Rooney aff. Para. 10.
DISCUSSION
In a criminal case, the purpose of discovery is to safeguard the defendant’s right to a fair trial. See Commonwealth v. Fuller, 423 Mass. 216, 224 (1996); Commonwealth v. Bishop, 416 Mass. 169, 175 (1993); Commonwealth v. Tucceri, 412 Mass. 401, 404-08 (1992); Commonwealth v. Two Juveniles, 397 Mass. 261, 266 (1986). The extent of discovery in criminal cases is governed by standards established by the Supreme Judicial Court, and much is left to the discretion of the trial judge. See Commonwealth v. Wanis, 426 Mass. 639, 642 (1998), quoting Bougas v. *441 Chief of Police of Lexington, 371 Mass. 59, 64 (1976). See also Adoption of Paula, 420 Mass. 716, 734 (1995); Mass.R.Crim.P. 14. When discovery is provided to the defendant, he does not thereby acquire any property interest in the material, and has no right to make any use of the material other than to advance his interest in a fair trial. A protective order restricting a defendant’s right or access to discovery materials is permitted “when the granting of discovery will work to the injury of some third person.” Mass.R.Crim.P. 14(a)(6), Reporter’s Notes.
In this case, we are dealing with material that is highly sensitive.[1] Some of it appears to be governed by one or more of a series of statutory privileges listed in the Commonwealth’s Memorandum of Law at 5. The execution of waivers or releases to enable the Commonwealth to use this material in charging the defendant with criminal violations does not constitute a relinquishment of the individuals’ privacy rights. See Commonwealth v., Clancy, 402 Mass. 664, 669 (1988). Even if the material does not entirely fall within one or more of these privileges, as statements of victims about sexual acts perpetrated upon them as children, its disclosure could subject these individual victims to embarrassment, ridicule, and adversely affect their own mental health and the mental health of members of their family. In these circumstances, the law permits the court to accommodate the interests of the defendant in obtaining discovery to safeguard his right to a fair trial, and, at the same time, to protect the victims from an unwarranted invasion of their privacy by issuing a protective order under Mass.R.Crim.P. 14(a)(6). This is in keeping with the general rule that even where relevant evidence is sought as part of a legitimate investigation, the “privacy interests of the [witness] and possibly of others should be considered.” Ward v. Peabody, 380 Mass. 805, 819 (1980).
In Commonwealth v. Bishop, 416 Mass. 169 (1993), the Supreme Judicial Court fashioned a Model Order to govern the disclosure of the treatment records of victims of sexual assault that were ordered to be disclosed to defense counsel during the discovery process. While the circumstances of disclosure in this case are not identical to those in Bishop and its progeny, the Model Order suggested by the Supreme Judicial Court is a helpful guide to fashioning an appropriate protective order.
ORDER
For the above reasons, the Commonwealth’s motions for protective orders are ALLOWED. In accordance with Mass.R.Crim.P. 14(a)(6), it is hereby ORDERED that the defendant’s access to the four videotapes of interviews with the victims and the mental health and counseling records in question, as more particularly described above and in the Commonwealth’s motions, is restricted as follows;
1.One copy of the material in question shall be provided to counsel for the defendant who shall have access to the records solely in their capacity as officers of the court to assist in the preparation for trial of the above criminal case. No one shall have access to this material other than in connection with the preparation for trial of the above case, and no other use may be made of such material by anyone without prior approval of the court. Defense counsel shall retain the care, custody and control of such material except as otherwise provided in this order. Counsel may permit the defendant, other attorneys, legal assistants, investigators or experts working for or on behalf of the defense to have access to the material provided that such attorneys, investigators or experts are informed and agree in writing that they may not make any use of it except in accordance with directions they receive from defense counsel or by order of the court. Defense counsel shall retain the care, custody and control of such material except as otherwise provided in this order. Defense counsel shall retain such written agreements as part of his confidential client file.
2. No copies of the material in question shall be made except in accordance with paragraph (4).
3. The material in question shall not leave the care, custody or control of defense counsel except in accordance with paragraph (4). Within ten days of the conclusion of the case by plea or trial and after any post-conviction or appeal proceedings are concluded, the material and any copies that have been made in accordance with paragraph (4) shall be returned to the Office of the District Attorney for Middlesex County.
4. The material in question may be copied by defense counsel for the use of other attorneys, legal assistants, investigators or experts working for or on behalf of the defense provided that the witness agrees in writing to the terms set forth in paragraph (1) and that the copy is not otherwise made available to anyone else and is returned to defense counsel.
5. If for any reason defense counsel is permitted to withdraw from this case, the material in question shall be returned to the Office of the District Attorney for Middlesex County.
6. If for any reason defense counsel believes that any further use or dissemination of the material is necessary to protect the interests of his client, he may apply to the court by motion, ex parte, supported by affidavit, for such relief.

 “Victims of rape are encouraged by sexual assault counsellors to explore their personal feelings and perceptions about a form of physical violation which, by its nature, is unusually traumatic to a victim’s psyche ... If clients cannot be given a reasonable assurance of confidentiality, they may not feel able to make full disclosure to a counsellor, or they may forgo altogether the benefits of counselling. Commonwealth v. Fuller, 423 Mass. 216, 221 (1996) (citations omitted).