Lauriat, J.
The defendant, John Fahnley (“Fahnley”), stands indicted on charges of rape of a child under sixteen and contributing to a delinquency of a minor. On March 18, 2003, this Court granted Fahnley’s request for production of certain treatment records of the alleged victim. The Commonwealth has now moved for reconsideration of that order. The Commonwealth contends that the records requested from the Boston Medical Center are privileged, and therefore protected from disclosure, pursuant to G.L.c. 233, §20B, the psychotherapist-patient privilege.
In 1998, the complainant in this case received treatment at the Boston Medical Center from a Katherine Mague-Moss (“Moss”), who at the time was a psychotherapist-in-training. The issue now before the court is whether the statutory psychotherapist-patient privilege applies to Dr. Moss’s 1998 records.
DISCUSSION
General Laws c. 233, §20B, provides in relevant part, that
in any court proceeding and in any proceeding preliminary thereto ... a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of patient’s mental or emotional condition.
The statute’s definition of “psychotherapist” at the time that the communications in this case took place between Moss and the complainant did not include doctoral students working under the supervision of a licensed psychologist. However, in 2000 the legislature amended the statutory definition of a “psychotherapist” to include “a graduate of, or student enrolled in, a doctoral degree program in psychology . . . who is working under the supervision of a licensed psychologist.” 2000 Mass. Acts and Resolves c. 348, effective March 21, 2001. The court must determine whether, in the absence of any legislative or expressed legislative intent, it should look to the version of the statute in effect at the time the communications, or to the version in effect at the time the records of the communications are requested by the defendant.
The purpose of the psychotherapist-patient privilege statute is to “protect justifiable expectations of confidentiality that people who seek psychotherapeutic help have a right to expect.” Commonwealth v. Clancy, 402 Mass. 664, 667 (1988), citing Usen v. Usen, 359 Mass. 453, 457 (1971). In this case, the Commonwealth asserts that the court should look to the current definition of the statute or, in the alternative, to apply the current statutoiy definition of “psychotherapist” retroactively.
The court has not found any authoriiy to support this contention, and is bound by the clear meaning of the statute. “The primary source of insight into the intent of the Legislature is the language of the statute.” Commonwealth v. Hatch, 438 Mass. 618, 622 (2003), quoting International Fid. Ins. Co. v. Wilson, 387 Mass. *557 841, 853 (1983). Here the language of the statute is clear; in 1998 the Legislature did not extend the privilege to doctoral students. When the legislature voted to grant the privilege to doctoral students, it amended the statute. There is also nothing in the statute to indicate that the Legislature intended to grant the privilege to doctoral students retroactively.
The courts have consistently decided against extending the psychotherapist-patient privilege beyond the bounds established by the legislature. Commonwealth v. Rosenberg, 410 Mass. 347, 353 (1991) (The Court declined to apply the privilege to psychologist who has a doctoral degree in education, not in the field of psychology. “The patient-psychotherapist privilege has never been recognized at common law. Commonwealth v. Gordon, 307 Mass. 155, 158 (1940). We are thus not inclined here to extend the patient-psychotherapist privilege beyond the bounds established by the Legislature . . .”); Commonwealth v. Mandeville, 386 Mass. 393, 409 (1982) (a staff psychologist, who was educated in the field of psychology but who was not licensed to practice psychiatry or psychology and did not have a doctoral degree in either field did not qualify as a psychotherapist under the statute). Furthermore, the Court in Rosenberg, declined to extend the privilege in an agency context where there was no showing that a confidential relationship between the patient and psychotherapist who was supervising the staff psychologist. Id. at 353-54.
“In balancing the social benefits of the asserted privilege against the defendant’s constitutional right to a fair trial, we must ‘resolv[e] any doubt in favor of disclosure.’ ” Commonwealth v. Pare, 43 Mass.App.Ct. 566, 571 (1997), quoting Commonwealth v. Bishop, 416 Mass. 169, 177 (1993). If the underlying goal of the statute is to protect the communication, then logically the court must look at the governing statute at the time that the communication took place. In this case, when the communication took place Moss did not qualify as a “psychotherapist” within the meaning of the statute. Therefore, the Moss records requested by the defendant are not privileged.
Finally, the court declines to disturb its Order dated March 18, 2003, with respect to the records of the Department of Social Services.
ORDER
For the foregoing reasons, the Commonwealth’s Motion fo Reconsideration of the Court’s Order on Defendant’s Request for Treatment Records — Bishop Stage 2 is ALLOWED, and upon reconsideration, the court’s Order on Defendant’s Request for Treatment Records — Bishop Stage 2 dated March 18, 2003 is AFFIRMED.